CLD-104                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3884
_____

IN RE:  KIRK A. SIMMONS,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Crim. No. 1-13-cr-00097-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 19, 2017

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: January 25, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Kirk Simmons, a federal prisoner proceeding pro se, petitions for a writ of

mandamus to compel the United States District Court for the District of Delaware to rule

on his motion under 28 U.S.C. § 2255.  We will deny the petition.

        In 2014, Simmons pleaded guilty in the District of Delaware to one count of

attempted enticement and coercion of a minor, in violation of 18 U.S.C. § 2242(b).  He

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

received the mandatory minimum sentence of 10 years in prison, to be followed by a term of supervised release. He did not file a direct appeal. In June 2015, Simmons filed a motion to vacate his sentence under 28 U.S.C. § 2255, to which the Government responded in December 2015. Since he filed his motion, Simmons presented several additional filings to the District Court, including a motion to compel the production of particular digital evidence, a motion to supplement his original § 2255 motion, and a memorandum of law in support of his § 2255 motion. The District Court has ordered the Government to respond to several of the filings and rendered rulings. On October 26, 2016, the District Court entered an order addressing Simmons' motion to compel and his motion to supplement. Simmons' § 2255 motion, however, remains pending.

In October 2016, Simmons filed a mandamus petition seeking an order directing the District Court to rule on the then-pending motion to compel and motion to supplement, as well as his § 2255 motion. After the District Court ruled on the motions to compel and supplement, Simmons amended his mandamus petition to seek only an order directing a ruling on his § 2255 motion.[1]

The writ of mandamus is a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation

---

[1] By using a version of what he previously submitted, there is some initial suggestion that he also requests an order directing the District Court to rule on the motions to compel and supplement. However, ultimately, he does not request that relief. And, in any event, such a request is moot.

and quotation marks omitted).  Three conditions must be met before a petitioner may seek a writ of mandamus.  Id.  First, the petitioner must have "no other adequate means to attain the relief" he seeks; second, the right to have a writ of mandamus issued must be "clear and indisputable;" and, third, the court that would issue the writ must be satisfied that mandamus is appropriate under the circumstances.  Id. at 378-79.  A Court of Appeals may issue a writ of mandamus "on the ground that undue delay is tantamount to a failure to exercise jurisdiction."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c).

Simmons asks this Court to issue an order directing the District Court to decide his § 2255 motion.  We note that Simmons filed his § 2255 motion in June 2015, and it is ripe for resolution.  See Madden, 102 F.3d at 79 (explaining at which point a delay becomes a matter of concern).  However, as set forth above, the District Court has taken steps toward adjudicating Simmons' § 2255 motion, and some of the delay appears to be the result of filings Simmons has made since submitting his § 2255 motion.  Lastly, we are confident the District Court will resolve Simmons' motion promptly.  Accordingly, we will deny Simmons' petition for a writ of mandamus.[2]

---

[2] The denial is without prejudice to a renewed petition for mandamus if the District Court does not rule on the motion.